UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA MARCH, EDGAR MARCH,<br><br>            Plaintiffs,<br><br>     v.<br><br>ETHICON, INC.,<br><br>            Defendant. | CASE NO. C20-5032 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Ethicon, Inc.'s renoted motion for partial summary judgment. Dkt. 42. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

On September 12, 2013, Plaintiffs Brenda and Edgar March filed suit against Ethicon in the MDL *In re Ethicon, Inc. Products Liability Litigation*, MDL No. 2327, located in the Southern District of West Virginia. Dkt. 1. On October 16, 2018, Ethicon filed a motion for partial summary judgment. Dkts. 42, 43. On October 25, 2018, Plaintiffs responded. Dkt. 45. On October 31, 2018, Ethicon replied. Dkt. 46. The

ORDER - 1

Southern District of West Virginia did not resolve the motion prior to transfer. *See* Dkt. 78 at 3 n.1. On August 6, 2020, Ethicon filed a supplemental motion for summary judgment. Dkt. 76. On October 19, 2020, the Court granted the motion in part and denied it in part. Dkt. 81.

Ethicon moved to renote the MDL motion for summary judgment on November 11, 2020. Dkt. 81. The Court granted the motion, Dkt. 86, and the parties filed a joint status report regarding the remaining claims at issue in Ethicon's renoted motion, Dkt. 87. The remaining claims are: Negligence (Count I), Strict Liability – Manufacturing Defect (Count II), Strict Liability – Defective Product (Count IV), Negligent Misrepresentation (Count IX), Negligent Infliction of Emotional Distress (Count X), and Violations of Consumer Protection Laws (Count XIII).[1]

## II.  DISCUSSION

Ethicon argues it is entitled to summary judgment for the remaining claims because the claims fail as a matter of law.

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which

---

[1] Plaintiffs have conceded to the dismissal of Count II and Count XIII. *See* Dkt. 45. Therefore, summary judgment is granted, and the claims are dismissed with prejudice.

the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.	Strict Liability – Defective Product**

Ethicon argues that it is entitled to summary judgment as a matter of law on Plaintiffs' Strict Liability – Defective Product claim because the Washington Products Liability Act ("WPLA"), RCW 7.72 *et seq.*, does not recognize such a cause of action. Dkt. 43 at 6. Plaintiffs respond, arguing that Ethicon can be held strictly liable if it failed to properly warn the patient. Dkt. 45 at 5.

The WPLA permits claims against a product manufacturer "if the claimant's harm was proximately caused by the negligence of the manufacturer in that the product was not reasonably safe as designed or not reasonably safe because adequate warnings or instructions were not provided." RCW 7.72.030(1). These claims are commonly known as design defect claims and failure to warn claims, respectively. *See Kirkland v. Emhart Glass S.A.*, 805 F. Supp. 2d 1072, 1076 (W.D. Wash. 2011). The WPLA also permits claims "if the claimant's harm was proximately caused by the fact that the product was not reasonably safe in construction or not reasonably safe because it did not conform to the manufacturer's express warranty or to the implied warranties under Title 62A RCW." RCW 7.72.030(2).

Plaintiffs' short form complaint asserts strict liability claims for manufacturing defect, failure to warn, defective product, and design defect.[2] It appears to the Court that Ethicon is correct that neither the WPLA nor Washington law recognize a cause of action for defective product. *Cf. Liriano v. Hobart Corp.*, 700 N.E.2d 303, 305, 92 N.Y.2d 303,

---

[2] Plaintiffs have conceded their manufacturing defect claim, *see* Dkt. 45, but their failure to warn and design defect claims remain viable, *see* Dkt. 81.

1   237 (1998) (acknowledging New York's cause of action for defective product; "[a]

2   product may be defective when it contains a manufacturing flaw, is defectively designed

3   or is not accompanied by adequate warnings for the use of the product." (citations

4   omitted)). And Plaintiffs have not provided any law establishing that Washington

5   recognizes an action under the WPLA for defective product. Plaintiffs' argument that

6   Ethicon may be held strictly liable if it failed to properly warn Mrs. March through her

7   implanting physician is a failure to warn claim, not a defective product claim.

8       Therefore, summary judgment is granted, and Plaintiffs' Strict Liability –

9   Defective Product claim is dismissed with prejudice.

10  **C.   Negligence-Based Claims**

11      Ethicon additionally argues that Plaintiffs' negligence-based claims—Negligence

12  (Count I), Negligent Misrepresentation (Count IX), and Negligent Infliction of Emotional

13  Distress (Count X)—are preempted by the WPLA. Dkt. 43 at 7–8. Plaintiffs assert that

14  their claims are not preempted because their claims "are not exclusively product based"

15  and "sound[] in intentional conduct which is excluded from the WPLA's preemptive

16  scope." Dkt. 45 at 6.

17      The WPLA "creates a single cause of action for product-related harms that

18  supplants previously existing common law remedies." *Wash. Water Power Co. v.*

19  *Graybar Elec. Co.*, 112 Wn.2d 847, 860. The WPLA's statutory cause of action preempts

20  all product-related common-law claims based on any substantive legal theory except

21  fraud, intentionally caused harm, or claims under Washington's Consumer Protection

22  Act. RCW 7.72.010(4). Plaintiffs argue that they could recover under their negligence-

1 based claims if Ethicon's failure to warn was an intentional act. The Court has considered

2 and rejected similar arguments about whether the WPLA preempts negligence claims

3 when a plaintiff argues the underlying conduct sounded in intentional wrongdoing. *See*

4 *City of Seattle v. Monsanto Co.*, 237 F. Supp. 3d 1096, 1102–03 (W.D. Wash. 2017). The

5 WPLA clearly contemplates negligence and negligent misrepresentation within its scope

6 of preemption. RCW 7.72.010(4) (a product liability claim includes, *inter alia*, any claim

7 based on negligence or misrepresentation, whether negligent or innocent).

8      Plaintiffs additionally rely upon *Bylsma v. Burger King Corp.*, 176 Wn.2d 555,

9 562 (2013), to argue that relief may be granted under the WPLA for negligent infliction

10 of emotional distress. However, the Washington Supreme Court limited its holding in

11 *Bylsma* to only allow "relief for emotional distress damages, *in the absence of physical*

12 *injury*, caused to the direct purchaser by being served and touching, but not consuming, a

13 contaminated food product, if the emotional distress is a reasonable response and

14 manifested by objective symptomatology." *Id.* at 561–562 (emphasis added). Mrs. March

15 has experienced physical symptoms and bodily injuries that she attributes to her TVT-O

16 implant. *See, e.g.*, Dkt. 77-2 at 8 ("The bodily injuries include a constant paint and

17 inability to use my body the way I could prior to the implant."). Plaintiffs' claims for

18 negligent infliction for emotional distress thus fall outside the scope contemplated by

19 *Bylsma* and within the WPLA's scope of preemption.

20      Therefore, summary judgment is granted, and Plaintiffs' negligence-based claims

21 are dismissed with prejudice.

22

## III.  ORDER

Therefore, it is hereby **ORDERED** that Ethicon's motion for partial summary judgment, Dkt. 42, is **GRANTED**.

Plaintiffs' claims for Negligence (Count I), Strict Liability – Manufacturing Defect (Count II), Strict Liability – Defective Product (Count IV), Negligent Misrepresentation (Count IX), Negligent Infliction of Emotional Distress (Count X), and Violations of Consumer Protection Laws (Count XIII) are **DISMISSED with prejudice**.

Dated this 24th day of February, 2021.

BENJAMIN H. SETTLE
United States District Judge